IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-MC-00035-FL

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MAURICE BARNWELL and MOHAWK FLOORING and JANITORIAL SERVICE, INC., )<br>)<br>Respondents. ) | ORDER |

This matter comes before the court on petition by the National Labor Relations Board for an order adjudging respondents in civil contempt and for other civil relief (DE # 8), for failure to comply with court order. The time for making any response having expired, and where no response has been received, the issues raised are ripe for review. For reasons that follow, the court grants in part the petition.

BACKGROUND

On or about September 27, 2010, certain subpoenas were issued on behalf of petitioner, which subpoenas were served upon respondents October 4, 2010. On April 21, 2011, after failed negotiations as between the parties, petitioner filed application with this court, pursuant to the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, for enforcement of the subpoenas at issue. These include a subpoena *duces tecum* (No. B-561845), and a subpoena *ad testificandum* (A-883858).

The former required provision to petitioner of certain documents from Mohawk Flooring

and Janitorial Services, Inc. ("Mohawk"), through Maurice Barnwell ("Barnwell"), its president or owner, or the records custodian, on October 12, 2010. The latter required Barnwell's attendance at the Grand Jury Hearing Room of the Guilford County Courthouse October 20, 2010, for deposition. These deadlines subsequently were extended.[1]

By order entered July 27, 2011, the court through the magistrate judge, granted petitioner's application and ordered production of all documents requested, and Barnwell to give deposition testimony as required.[2] Respondents have failed to comply with the court's order.

Petitioner now seeks a multilayered address by this court, variously requesting an order to show cause at hearing before the undersigned why respondents should not be held in civil contempt, anticipatory order that they are in civil contempt, and a purgation order setting forth parameters to be satisfied, which shall include a prospective non-compliance fine of up to $10,000 for any future violation with a $500.00 daily assessment if any said violation(s) continues, among other things.

## COURT'S DISCUSSION

"A court may impose sanctions for civil contempt 'to coerce obedience to a court order or

---

[1] For ease of reference, addendum to the court's order includes copies of correspondence issued by petitioner's representative to Barnwell November 15, 2010, and September 28, 2010, in furtherance of these processes, together with copies of the subpoenas at issue.

[2] More particularly, the court ordered July 27, 2011, as follows: "The Board's 'Application for Order Requiring Obedience to Subpoenas Duces Tecum and Ad Testificandum' [DE-1] is hereby GRANTED. It is therefore ORDERED that:
(1) Respondents Maurice Barnwell and Mohawk Flooring and Janitorial Service, Inc. shall produce to the Board's Region 11 at its office located at 4035 University Parkway, Suite 200, Winston-Salem, North Carolina, all documents requested by the Board's subpoena duces tecum B-561845 within ten (10) days of the date of this Order; and

(2) ORDERED that Respondent Barnwell shall appear before a duly designated agent of the Board in the proceeding entitled Mohawk Flooring and Janitorial Services, Inc. (Case No. 11-CA-22379) at the office of the Board's Region 11 at a date and time that the Region designates, providing Respondent Barnwell with at least ten (10) days notice, to give deposition testimony as required by the Board's subpoena ad testificandum A-883858."

to compensate the complainant for losses sustained as a result of the contumacy.' " Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 821 (4th Cir. 2004) (quoting In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995)). A finding of civil contempt must be established by clear and convincing evidence. Cromer, 390 F.3d at 821.

Upon the showing made, including uncontroverted testimony by affidavit, the court concludes respondents have failed to comply with the court's order dated July 27, 2011, and have failed to comply with valid subpoena *duces tecum* and subpoena *ad testificandum*, the petition is GRANTED IN PART. Respondents are ORDERED to appear before the undersigned at 1:30 p.m. Wednesday, November 30, 2011, at the United States Courthouse, 413 Middle Street, New Bern, NC, 28560, and show cause why they should not be held in contempt of court. Should respondents bring themselves into compliance prior to November 30, 2011, upon petitioner's notice to this court that respondents have complied with the subpoenas as previously ordered, the court will direct the Clerk of Court to dispense with the show cause hearing .

## CONCLUSION

In furtherance of the court's ruling on the matter, the Clerk of Court is DIRECTED that a copy of this order promptly shall be served upon respondents by U.S. Mail. Moreover, petitioner shall accomplish personal service of this order by hand delivery upon Barnwell and Mohawk, through its president, owner, or authorized agent, at 125 Palmer Walker Road, Broadway, North Carolina 27505, or at such other place as respondents may be located, sufficiently in advance of hearing so as to permit respondents to undertake preparation for and make their attendance at same. Petitioner shall place on the record before this hearing return(s) evidencing service by it in conformity with this order.

3

SO ORDERED, this the 1st day of November, 2011.

                              LOUISE W. FLANAGAN
                              United States District Judge

# ADDENDUM

| United States Government |
|---|

## NATIONAL LABOR RELATIONS BOARD
Region 11
4035 University Parkway – Suite 200
Winston-Salem, NC 27106-3325

Telephone: 336-631-5201
Fax No.: 336-631-5210
Direct Telephone: 336-631-5230
Email: nancy.wilson@nlrb.gov

November 15, 2010

<u>Via United Parcel Service Delivery</u>

Maurice Barnwell
125 Palmer Walker Rd.
Broadway, NC 27505

          Re: Mohawk Flooring & Janitorial Service, Inc.
          Case No.: 11-CA-22379

Dear Mr. Barnwell:

    On October 4, 2010, you were served with two United States Government Subpoenas -- No B-561845, requiring the production of documents on October 12, 2010, and No. A-883858, requiring you to appear for a deposition. The requirements of the Subpoenas were described in Board agent Jenny Dunn's letter to you dated September 28, 2010, a copy of which is enclosed herewith for your convenience.

    You did not provide the subpoenaed documents by October 12, 2010, as required by Subpoena No. B-561845, but instead called this Office and advised that you did not understand the subpoenas. At that time we explained the requirements of the subpoenas to you in detail. By letter dated October 15, 2010, and sent to you via regular and certified mail, we extended the deadline for your compliance with Subpoena No. B-561845 to October 25 (if the subpoenaed documents were to be mailed to us), or October 26 (if you chose to hand deliver the documents), and further notified you that the date of your deposition was being postponed to November 4, 2010.

    On October 19, 2010, you called this Office and advised that you intended to comply with the subpoenas but that you could not afford to mail the subpoenaed documents to the Region's office in Winston-Salem, North Carolina, or drive the documents to Greensboro, North Carolina, and requested additional time to gather your documents, as they were stored in your garage. In response to your asserted inability to mail or deliver the subpoenaed documents and your request for an extension of time to comply, the Region agreed to meet you at the Bankruptcy Court building in Fayetteville, North Carolina, on October 25, 2010, to pick up the subpoenaed documents. You advised us that you would contact the Region by phone on October 22, 2010, to provide a

time to meet you on October 25, 2010. The Region received no call from you on October 22, 2010, and you failed to return phone messages left for you by the Region on October 22, 23, and 25, 2010, on both your home and cell phone numbers. On October 26, 2010, the Region left you another phone message seeking your compliance with the subpoena requiring the production of documents. In response, you left a phone message at the Regional Office, advising that you had been busy and had not finished retrieving the subpoenaed documents, and that you had medical appointments on October 25, 2010, that caused you to be unavailable to meet on that date. Your telephone message failed to provide an alternate date and time that you would make the documents available. Subsequently, the Region left you a telephone message requesting that you contact our Office immediately to make arrangements to provide the subpoenaed documents. To date, the Region has received no further response from you.

On October 28, 2010, the Region sent you a letter by United Parcel Service, notifying you that, in light of the above described circumstances, we were again postponing your deposition, pursuant to Subpoena No. A-883858, until November 17, 2010, pending our receipt of the subpoenaed documents. The letter requested that you contact this Office, by no later than November 4, 2010, to advise us of a specific date and time, not later than November 10, 2010, at which you would hand-deliver the subpoenaed documents to a representative of this Office at the U.S. Post Office and Federal Building located at 301 Green Street, Fayetteville, North Carolina. The letter further provided that as an alternative to hand-delivering the documents, you could mail the subpoenaed documents to the Region so long as you ensured that the documents were _received_ by the Region by no later than November 10, 2010.

The letter further advised that, should you fail to fully comply with the subpoenas, according to the directions set forth in the letter, the Board would initiate proceedings in the United States District Court to compel your compliance and would seek an order requiring you to reimburse the Government for the attorneys' fees and costs relating to the subpoena enforcement action.

On November 4, 2010, the Region left you phone messages on both your home and cell phone numbers, asking that you return the calls to advise of the specific date and time, not later than November 10, 2010, at which you would hand-deliver your subpoenaed documents. To date, the Region has not received your response.

You have failed to contact the Region as per the October 28, 2010, letter; you have failed to mail your documents to the Region; and you have failed to return phone messages left for you by the Region on November 4, 2010. Accordingly, in light of your failure to comply with Subpoena No. B-561845 requiring the production of documents, we are postponing your scheduled deposition until further notice, and will be instituting district court proceedings against you to compel your compliance with the subpoena.

Should you have any questions, please contact Board Agent Jenny Dunn directly at 336-631-5216, or by email at jenny.dunn@nlrb.gov . In her absence from the office,

you may contact Supervisory Field Examiner Nancy Wilson, by phone at 336-631-5230, or by email at nancy.wilson@nlrb.gov .

Very truly yours,

*[signature]*

Nancy Wilson
Supervisory Examiner

Attachment



United States Government

**NATIONAL LABOR RELATIONS BOARD**
Region 11
4035 University Parkway – Suite 200
Winston-Salem, NC 27106-3325

Telephone: 336-631-5201
Fax No.: 336-631-5210
Direct Telephone: 336-631-5216
Email: jenny.dunn@nlrb.gov

September 28, 2010

Via Hand Delivery

Maurice Barnwell
125 Palmer Walker Rd.
Broadway, NC 27505

                        Re: Mohawk Flooring & Janitorial Service, Inc.
                           Case No.: 11-CA-22379

Dear Mr. Barnwell:

     You have been served with two United States Government Subpoenas. The requirements of the Subpoenas are described below.

     Subpoena No. A-883548 requires you to appear on October 20, 2010, at 1:00 p.m. Eastern Time, at the Grand Jury Room of the Guilford County Courthouse located at 201 S. Eugene Street, Greensboro, North Carolina, to give testimony with respect to Board's attempts to obtain compliance with a Board Order issued in the above-captioned case. Among the subjects that will be covered are the following:

> The relationship of BP Flooring and Janitorial to Mohawk Flooring & Janitorial Service, Inc.; the relationship of yourself to Ronald Pace, owner of BP Flooring and Janitorial; and your treatment of the assets and income of Mohawk Flooring & Janitorial Service, Inc.

     You will be entitled to receive a witness fee ($40) for your appearance on October 20. We ask that you provide a voided check or voided deposit slip (for checking or savings) at that time, so that this reimbursement may be made via electronic deposit. If you are unable to appear to testify on October 20, as required, please contact me within 48 hours of your receipt of this subpoena to discuss the possibility of rescheduling your appearance time.

     Subpoena No. B-561845 requires that you provide the documents listed in the Subpoena attachment by delivering them to Guilford County Courthouse, District Court Judges Office, 2nd floor, located at 201 S. Eugene Street, Greensboro, North Carolina, at

9:00a.m. on October 12, 2010. In the alternative, you may comply with this Subpoena, requiring the production of documents, by mailing them to us at the following address, so **long as you ensure that the documents are *received* by us by NO LATER THAN OCTOBER 10, 2010:** National Labor Relations Board, Region 11, 4035 University Parkway, Suite 200, Winston-Salem, NC 27106. Regardless of the manner in which you choose to comply with the Subpoena requiring the production of documents, you must also comply with Subpoena A-883858, by appearing to testify in Greensboro on October 20, as explained above.

Please note that, should you fail to fully comply with these subpoenas, the Board will initiate proceedings in the United States District Court to compel your compliance. In such circumstances, in keeping with our regular practice, we shall seek an order requiring you to reimburse the Government for the attorneys' fees and costs relating to the subpoena enforcement action.

Should you have any questions, or if I may be of any assistance, please contact me at 336-631-5216, or via email at jenny.dunn@nlrb.gov .

Very truly yours,

Jenny Dunn
Compliance Officer

Encl: Subpoenas Ad Testificandum (No. A-883858)
and Duces Tecum (No.B-561845)

CLTR 11-CA-22379 sub ltr to barnwell doc

FORM NLRB-31
(12-07)



# SUBPOENA DUCES TECUM

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To   Maurice Barnwell, President/Owner of Mohawk Flooring and Janitorial Service, Inc.
Or Custodian of Records
~~123 Palmer Walker Road~~
Broadway, NC 27505

As requested by   Willie L. Clark, Jr., Regional Director

whose address is   Republic Square, 4035 University Pkwy., Suite 200, Winston-Salem, NC 27106
(Street)                                  (City)                                (State)       (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE
the Regional Director or his designee
of the National Labor Relations Board

at   2nd Floor, Monica D. Hughes, District Court Judges Office, 201 S. Eugene Street

in the City of   Greensboro, North Carolina

on the __12th__ day of __October__ 20__10__ at __9:00 a.m.__ xxxxxxxxxx (a.m.)(p.m.) or any adjourned

or rescheduled date to testify in   Mohawk Flooring and Janitoral Service, Inc. Case 11-CA-22379

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

SEE ATTACHMENT

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

B- 561845

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   Winston-Salem, North Carolina

this 27th day of September   20 10

*Lester A. Heltzer*

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

**NLRB Case No. 11-CA-22379—Mohawk Flooring and Janitorial Service, Inc.**

**NLRB SUBPOENA *DUCES TECUM* NO. B-561830 – ATTACHMENT**

*Pursuant to §11 of the National Labor Relations Act, 29 U.S.C. §161, you are required to produce the documents set forth below:*

### Definitions And Instructions

1. As used herein, the term "<u>document</u>" shall be interpreted in the broadest sense, and shall mean any written, recorded or graphic matter, or matter existing on computer software or hardware, whether previously erased or not, including but not limited to memoranda, notes, minutes, business records, telephone contacts, correspondence, telegrams, diaries, bookkeeping entries, receipts, work orders, contracts, financial statements, tax returns, checks, check stubs, reports, records, summaries, lists, charts, compilations, graphs, statements, notebooks, handwritten notes, applications, agreements, files, addenda, books, pamphlets, periodicals, appointment calendars, recordings of oral conversations, voice mail messages and electronic mail.

2. "<u>Mohawk</u>" refers to Mohawk Flooring and Janitorial Service, Inc., its officers, employees, agents, representatives, accountants, attorneys, trustees, successors and assigns, and the officers, employees, agents, representatives, accountants, attorneys, trustees, successors and assigns of any entity that it owns, controls or manages.

3. "<u>BP</u>" refers to BP Janitorial and Flooring Service, its officers, employees, agents, representatives, accountants, attorneys, trustees, successors and assigns, and the officers, employees, agents, representatives, accountants, attorneys, trustees, successors and assigns of any entity that it owns, controls or manages.

4. "Pending legal actions involving the National Labor Relations Board" refers to any matter involving or relating to NLRB Case Nos. 11-CA-22379, filed in the Region 11 office of the National Labor Relations Board.

5. "Any," "each," and "all" shall be read to be all inclusive and to require the production of each and every document responsive to the request in which such terms appear.

6. "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively, so as to make the request inclusive rather than exclusive, and to require the enumeration of all information responsive to all or any part of each request in which any conjunction or disjunction appears.

Attachment to Subpoena Duces Tecum No. B-561845
Page 1 of 7

Case 5:11-mc-00035-FL   Document 2   Filed 04/21/11   Page 12 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 12 of 19

7. Whenever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa.

8. The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

9. The terms "copy" or "copies" shall refer to exact and complete copies of original documents.

10. Copies may be produced in lieu of originals, **provided that** such copies are exact and complete copies of original documents and that the original documents be made available at the time of production for the purposes of verifying the accuracy of such copies. Any copies of original documents which are different in any way from the original, whether by interlineation, receipt, stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

11. Documents subpoenaed shall include all documents in your physical possession, custody or control, your present or former supervisors, agents, attorneys, accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

12. This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

13. If any document responsive to any request herein was withheld from production of the asserted ground that it is privileged, identify and describe:
    (a) the author;
    (b) the recipient;
    (c) the date of the original document;
    (d) the subject matter of the document.

14. If any document responsive to any request herein was, but no longer is, in your possession, custody or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, employer title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

Attachment to Subpoena Duces Tecum No. B-561845
Page 2 of 7

Case 5:11-mc-00035-FL   Document 2    Filed 04/21/11   Page 13 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 13 of 19

15. If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, addressee(s), receipts and intended recipients, title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the documents, including the timing of the destruction, discharging or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

16. All documents produced pursuant to this subpoena should be organized by the subpoena paragraph that each document or set of documents is responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

17. This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

18. For the purpose of reducing delay and expense, an agent of the National Labor Relations Board will be available to meet with you, or your designated or legal representative, at a mutually agreed-upon time and place, prior to the return date of the subpoena, for the purpose of examining and/or copying the documents subpoenaed, and/or to enter into stipulations concerning the contents of the subpoenaed documents.

Attachment to Subpoena Duces Tecum No. B-561845
Page 3 of 7

Case 5:11-mc-00035-FL   Document 2   Filed 04/21/11   Page 14 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 14 of 19

## DOCUMENTS REQUESTED

Unless otherwise stated, each of the following requests is for documents created or covering any portion of the period from January 1, 2009, to the present.

1. Documents indicating the names, addresses and telephone numbers of all members of the Boards of Directors, stockholders, owners, officers and managers of Mohawk, the position(s) held by each at any time during the period January 1, 2005, to the present, and the percent ownership of each such individuals or entity in Mohawk.

2. Any correspondence from, to, between or among Maurice Barnwell (hereafter Barnwell) and/or Mohawk, and BP, Ronald Pace (hereafter Pace), and/or any other person or entity regarding, relating to, or referencing the pending legal actions involving the National Labor Relations Board, excluding any correspondence from or to any attorney who represented you.

3.. Any correspondence from, to, between or among Maurice Barnwell and/or Mohawk, and BP, Pace, and/or any other person or entity regarding, relating to, or referencing notification or discussion concerning the decision to cease Mohawk's operations, excluding any correspondence from or to any attorney who represented you.

4. All documents including, but not limited, to deeds, certificates of ownership, and titles, reflecting any ownership or other interest in any real property owned or controlled, directly or indirectly, in whole or in part, by Barnwell, personally, and/or by Mohawk, including, but not limited to, documents showing the value of any real property, the most current available property tax assessments, the purchase agreement, and mortgage and/or any rental or lease agreement(s) regarding such property.

5. All documents showing the inventory of machinery, equipment, tools, trucks and other vehicles, and supplies that Mohawk owned, or bought on credit, either personally, or while operating Mohawk, including, but not limited to, documents that establish the value of such machinery, equipment, tools, trucks and other vehicles, and supplies, and/or evidence of any lien or claim against such assets.

6. All documents showing the disposition, if any, of the machinery, equipment, tools, trucks and other vehicles, and supplies, referred to in paragraph 5, including, but not limited to, any exchange that took place between Mohawk and any individual or entity to whom any of the machinery, equipment, tools, trucks and other vehicles, or supplies was transferred.

7. All documents showing the ownership and value of the facilities at which Mohawk operated, including, but not limited to, the most recent available

Attachment to Subpoena Duces Tecum No. B-561845
Page 4 of 7

Case 5:11-mc-00035-FL   Document 2   Filed 04/21/11   Page 15 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 15 of 19

property tax assessments, the purchase agreement, mortgage and/or any rental or lease agreements concerning such properties.

8. All documents showing what use is being made of the facilities at which Mohawk operated since Mohawk has ceased operating.

9. All documents regarding the sale, encumbrance or transfer of any real or personal property or other asset(s), or any interest therein, by or from Barnwell, personally, and/or by or from Mohawk, including, but not limited to, documents that would explain when it was disposed of, why, to whom, and for what value.

10. Books, records, and other documents indicating the names and addresses of any and all banks, savings and loan associations or other financial institutions with which Barnwell, personally, and/or Mohawk has done business or held any accounts, including, but not limited to, the front and reverse sides of all checks or other monetary instruments utilized to transfer funds.

11. All bank statements regarding any account(s) maintained by Barnwell, personally, and/or Mohawk, including payroll, general, personal and savings accounts and certificates of deposit.

12. All documents showing the location, box number and contents of all safe deposit boxes rented or accessed by Barnwell, personally, and/or Mohawk.

13. Documents reflecting the amount of total weekly, monthly or yearly gross revenues earned or received, directly or indirectly, by Mohawk from the operation of its business.

14. The federal and state tax returns filed by Barnwell, personally, and/or Mohawk, for the years 2006, 2007, 2008, and 2009.

15. Copies of payroll tax returns filed by Mohawk, for the years 2006, 2007, 2008, and 2009.

16. Copies of Mohawk's retained copies of W-2 forms issued to employees during the years 2006, 2007, 2008, and 2009.

17. All documents of Mohawk showing payments made to employees, and identifying the customer(s) for which each payment was made.

18. All loan applications, credit applications and/or financing statements prepared, provided or filed by Mohawk.

19. Any and all documents, including leases between Barnwell, personally, and/or by Mohawk and any other persons or entities reflecting the rental or

Attachment to Subpoena Duces Tecum No. B-561845
Page 5 of 7

Case 5:11-mc-00035-FL   Document 2   Filed 04/21/11   Page 16 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 16 of 19

leasing by Barnwell, personally, and/or by Mohawk of real or personal property.

20. Any and all documents reflecting any investments in stocks, bonds, partnerships, or any trust interests owned held or controlled, directly or indirectly, in whole or in part, by Barnwell, personally, and/or by Mohawk.

21. All licenses, permits, certificates or other documents constituting an authorization to operate any business held by or issued to Barnwell, personally, and/or to Mohawk, and all applications and other documents filed by Barnwell, personally, and/or Mohawk with respect to such licenses, permits, certificates or other authorizations to operate.

22. All financial statements, both audited and unaudited, of Mohawk.

23. Documents reflecting all accounts receivable and any other financial obligations presently owing, directly or indirectly, In whole or in part, to Mohawk, the name, address and telephone number of each party so indebted to Mohawk, and the amount owed by each such party.

24. All documents reflecting or pertaining to any assumption or payment, directly or indirectly, in whole or in part, by Mohawk, or any debt, liability, or obligation of any other person or entity.

25. All insurance policies owned or maintained by Mohawk, or with respect to which Mohawk is or was a named beneficiary, including, but not limited to, documents that list their value, and if disposed of, records to explain when any such policy(ies) was (were) disposed of, why, and for what value.

26. All documents reflecting any goods or services received by BP, or any owner, officer, manager, stockholder or member of the Board of Directors of BP, directly or indirectly, from or on behalf of Mohawk or any owner, officer, manager, stockholder or member of the Board of Directors of Mohawk.

27. All documents concerning or related to the transfer, to any other individual or entity, of janitorial or flooring work previously performed by Mohawk, including, but not limited to, documents that identify the customers and their contact information, identify the work performed, establish its value, and show the identity of the individuals to whom the work was transferred and when it was transferred; the relationship, if any, between Mohawk's President Barnwell and the party(ies) to whom such routes were transferred; and whether and if so, in what manner, these companies or individuals are continuing to operate the janitorial or flooring work.

28. All documents showing any janitorial or flooring work that Barnwell, personally, and/or Mohawk, has performed since January 1, 2010, to the

Attachment to Subpoena Duces Tecum No. B-561845
Page 6 of 7

Case 5:11-mc-00035-FL   Document 2   Filed 04/21/11   Page 17 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 17 of 19

present, including, but not limited to, documents that Identify any such janitorial or flooring work, establish its value, and documents that show in what manner Barnwell is performing the janitorial or flooring work.

29. All documents showing when Barnwell decided to cease operating Mohawk, and the reasons for doing so, excluding any correspondence from or to any attorney who represented you..

30. All documents identifying the employees employed by Barnwell, personally, and/or Mohawk, immediately before the decision was made to dispose of, or cease operating, or to transfer, the work performed by Mohawk, including, but not limited to, documents showing names, job classifications, and pay rates of all such individuals.

31. All documents identifying the employees employed by Barnwell, either personally or by Mohawk, after Barnwell made the decision to dispose of, cease operating, or to transfer, the work performed by Mohawk to other party(ies) or entity(ies), including, but not limited to, those showing names, job classifications, and pay rates of all such individuals.

32. All documents showing the manner in which Barnwell, either personally or by Mohawk, reduced the number of employees employed at the facilities after Barnwell decided to cease operating Mohawk, including, but not limited to, any letters, notices or memoranda that were mailed, Issued, posted, or sent to, or verbally transmitted to, employees regarding or explaining what was to happen.

33. All documents showing the relationship between Barnwell, personally, and Ronald Pace and/or BP, and Mohawk and Ronald Pace and/or BP, during the period from January 1, 2000, to the present.

34. All documents memorializing communications between Barnwell and/or Mohawk, and Barnwell and/or Mohawk's customers concerning Barnwell's decision to cease operating Mohawk.

35. A list of all customers served by Barnwell, either personally or as Mohawk, including identification of the customer's name, contact person, contact information, and location where work was performed.

36. All documents showing all sources and amounts of income, revenue, or earnings received by Barnwell, personally, and/or Mohawk, during the period including, but not limited to, the name(s) under which he has operated or is currently operating.

Attachment to Subpoena Duces Tecum No. B-561845
Page 7 of 7

Case 5:11-mc-00035-FL   Document 2    Filed 04/21/11   Page 18 of 18
Case 5:11-mc-00035-FL   Document 10   Filed 11/03/11   Page 18 of 19

FORM NLRB-32
(12-07)

# SUBPOENA

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To: Mr. Maurice Barnwell
125 Palmer Walker Road
Broadway, NC 27505

As requested by Willie L. Clark, Jr., Regional Director

whose address is Republic Square, Suite 200, 4035 University Parkway, Winston-Salem, NC 27106
(Street) (City) (State) (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE the Regional Director or his designee of the National Labor Relations Board

at Grand Jury Room, Guilford County Courthouse, 201 S. Eugene Street

in the City of Greensboro, North Carolina

on the 20th day of October, 2010 at 1:00 p.m. xx(a.m.)(p.m.) or any adjourned or rescheduled date to testify in Mohawk Floor & Janitorial Service, Inc. Case 11-CA-22379
(Case Name and Number)

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

A - 883858

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at Winston-Salem, North Carolina

this 27th day of September 2010

*[signature]*

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.